UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KB HOME NEVADA, INC.,           )
                Plaintiff,     )  Case No. 2:12-cv-00138-JCM-CWH
                               )  **ORDER**
vs.                             )
                                )
ST. PAUL FIRE & MARINE INSURANCE)
COMPANY, *et al*.,              )
                Defendants.    )

This matter is before the Court on Plaintiff's *Ex Parte* Motion to Extend Time for Service (#9), filed May 31, 2012.[1]

### BACKGROUND

Plaintiff, a residential home builder, initiated the current action against insurance carriers on January 27, 2012 alleging that the carriers failed to defend Plaintiff in a construction defect lawsuit. Since the filing of the complaint, the parties have been involved in settlement negotiations. Plaintiff did not serve Defendants with a complaint within the 120 day service period. In the instant motion, Plaintiff requests an approximate 90 day extension in which to serve Defendants.

### DISCUSSION

Federal Rule of Civil Procedure 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id*. Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir. 2003). The Supreme Court has stated that the 120-day time period for service

---

[1] Plaintiff's motion was filed after the expiration of the original 120-day period to serve.

contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days. . . ." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Generally, "good cause" is equated with diligence. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337. In the Ninth Circuit, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules. *See National Union Fire Ins. Co. v. Monroe*, 2011 WL 383807 (D. Nev.) (citations omitted). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citation omitted). Here, Plaintiff admittedly has made no attempts to serve Defendants. Rather, Plaintiff states that an extension is necessary in order the engage in settlement negotiations without the existence of actual litigation that Defendants would be required to defend.

Plaintiff does not provide authority that settlement is good cause not to serve Defendants in order to provide notice of the actual claims that have been filed against them. If the parties wish to engage in settlement negotiations prior to Defendants' filing an answer they may certainly submit a stipulation to extend the responsive pleading deadline in order to do so.

Since the 120 day period has expired, the Court will allow Plaintiff to serve its complaint within 20 days from the date of this order. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Ex Parte* Motion to Extend Time for Service (#9) is **DENIED**. Plaintiff shall up to and including Wednesday, June 28, 2012 to effectuate service. If Plaintiff is unable to accomplish service in the time allotted, it is not precluded from renewing its request for an order under Rule 4(e).

DATED this 7th day of June, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**